The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner. The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order. Accordingly, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. The employer-employee relationship existed between defendant and plaintiff at all relevant times.
3. Defendant was a duly qualified self-insured employer for workers compensation purposes at all relevant times.
4. Plaintiffs average weekly wages were $732.00 per week at all relevant times herein, yielding a compensation rate of $488.02 per week.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 55 years old. As of July 9, 1997, plaintiff had been working for defendant for approximately 17 years.
2. Plaintiff worked as a truck assembler for defendant. In this position, plaintiff replaced and repaired parts attached to the trucks being manufactured.
3. On or about July 9, 1997, plaintiff was replacing parts. Plaintiff was working about four feet off the ground, standing on a trucks platform, when he stepped backwards and missed a step, causing him to fall to the floor. Plaintiff struck his right ear, head, and right hip as he landed on the floor.
4. Plaintiff reported the incident and was sent to see the plant nurse. Plaintiff told the plant nurse that he had struck his right ear and right hip. He was given ice for his ear and sent back to his normal job. Plaintiff completed his shift on the date of the incident.
5. Plaintiff had back surgery at the L4-5 level in 1993, approximately four years before this fall. Plaintiff was also diabetic.
6. Plaintiff experienced periodic back pain following his back surgery of 1993. Immediately subsequent to the July 9, 1997 incident, plaintiff did not experience any additional pain or other problems with his back. Plaintiff testified that his back and left leg did not feel any differently after the fall than they did before the fall.
7. Following the July 9, 1997 fall, plaintiff worked regularly without difficulty except for a one-month period he was unable to work due to a diabetic neuropathy of the right foot. As of the date of the hearing before the Deputy Commissioner, plaintiff was unable to work due to his foot condition. The foot condition and resulting disability are unrelated to the July 9, 1997 incident.
8. Between July and December 1997, plaintiff did not receive any medical treatment for his back or left leg. In early December 1997, five months after the fall, plaintiff began to experience severe pain and numbness in his left leg and lower back. As a result, plaintiff sought medical treatment from Dr. Sathya Jyothinagaram on or about December 31, 1997. Plaintiff gave Dr. Jyothinagaram a history of having undergone back surgery in 1993, but said nothing concerning his July 9, 1997 fall. Dr. Jyothinagaram referred plaintiff to Dr. Steve Gudeman.
9. Dr. Gudeman examined plaintiff initially on January 8, 1998. Plaintiff gave Dr. Gudeman a history of experiencing progressive low back and left leg pain following his fall of July 9, 1997. An MRI performed on February 11, 1998 showed a small recurrent disc herniation at L4-5 on plaintiffs left side. Dr. Gudeman performed a surgical laminectomy at the L4-5 level on April 1, 1998. Dr. Gudeman found no evidence of disc herniation during the surgery, but rather found scar tissue compressing the nerve root at this level.
10. On January 9, 1998, plaintiff gave defendant notice of his claim for a back and leg injury as a result of the July 9, 1997 fall.
11. Plaintiff was out of work from January 30, 1998 through September 30, 1998 as a result of his back surgery. Pursuant to an employer-funded disability plan, plaintiff was paid disability benefits in an amount equal to or greater than plaintiffs compensation rate for that period.
12.Dr. Gudemans opinion that the fall caused plaintiffs back and left leg problems after December 1997 was based upon his belief that plaintiff had a seven-month history of progressively worsening low back and left leg pain following the July 1997 fall. However, the evidence of record, including plaintiffs own testimony at the hearing before the Deputy Commissioner, shows that plaintiffs back and leg pain remained the same before and after the injury by accident on July 9, 1997, and his symptoms did not worsen until early December 1997. Therefore, the evidence elicited by plaintiffs hypothetical question is not competent evidence because it required Dr. Gudeman to assume the truth of facts that the record does not support.
13. There is insufficient evidence of record from which to prove by the greater weight that the fall in July 1997 aggravated plaintiffs preexisting back condition or that the worsening of plaintiffs symptoms and any resulting disability to plaintiffs back and left leg after December 1997 are causally related to the July 9, 1997 injury by accident.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain a compensable injury to his lower back or to his left leg as a result of the compensable injury by accident suffered on July 9, 1997. N.C. Gen. Stat. 97-2(6); 97-2(9). Thacker v.City of Winston-Salem, 125 N.C. App. 671, 482 S.E.2d 20 (1997).
2. Plaintiff is, therefore, not entitled to receive any compensation under the provisions of North Carolina Workers Compensation Act. N.C. Gen. Stat. 97-2(6); 97-2(9).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiffs claim for workers compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This is the _____ day of December, 2000.
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________________ RENE C. RIGGSBEE COMMISSIONER